UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBBER RESOURCES, LTD., LLP,

Plaintiff,

vs.                                                                                  Case No.: 8:08-cv-1730-T-27TBM

ALLEN P. PRESS, et al.,

Defendants.
_____/

# ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss for Improper Venue and for Lack of Personal Jurisdiction (Dkt. 24), to which Plaintiff has responded in opposition (Dkt. 25). Upon consideration, Defendants' motion is GRANTED.

*Background*

Plaintiff Rubber Resources, Ltd., LLP filed the instant action pursuant to this Court's diversity jurisdiction and federal question jurisdiction, bringing claims for malicious prosecution (Count I), conspiracy to maliciously prosecute (Count II), abuse of process (Count III), and unfair trade practices under state and federal law (Counts IV and V), arising out of Defendants' filing of an earlier action again Plaintiff in federal court in Missouri.

Defendants Allen P. Press and Matthew F. Fields are attorneys, and Defendant Green Jacobson & Butsch, P.C. is their law firm. (Dkt. 5, Am. Comp. ¶¶ 8-9). Press and Fields represented a company called Green Edge Enterprises, LLC ("Green Edge"), not a party to this action, which is the owner of United States Patent No. 5,910,514. (Am. Comp. ¶ 11). Green Edge

1

licensed the '514 patent to International Mulch Co., Inc. ("International Mulch"), which is also not a party to this action. International Mulch later sued Green Edge regarding the validity of the patent. (Am. Comp. ¶¶ 13-14). Green Edge and International Mulch ultimately settled their lawsuit, and Plaintiff alleges that the companies agreed that Green Edge would pursue patent infringement claims against, among other companies, Plaintiff, in order to fund the settlement. (Am. Comp. ¶¶ 15-16). Plaintiff alleges that the Press and Fields prosecuted the claims at the direction of, and with payments authorized by Defendant Cindy Miller, an officer of International Mulch. (Am. Comp. ¶ 18). On March 25, 2008, the United States District Court for the Eastern District of Missouri granted Plaintiff's motion for summary judgment in that case, finding that the '514 patent is invalid. (Am. Comp. ¶ 23).

Press, Fields, and Miller are citizens of Missouri, and the law firm is incorporated in and has its principal place of business in Missouri. (Am. Comp. ¶¶ 2-5). The Amended Complaint alleges only one activity occurring in Florida, the deposition of Plaintiff's President, Dale Hawker. (Am. Comp. ¶ 26).[1] As a result, Defendants argue that venue in Florida is improper, and alternately, that this Court lacks personal jurisdiction over Defendants. The Court agrees on both accounts, and finds that the action is due to be dismissed.

### *Discussion*

**1.    Venue**

The Amended Complaint is brought pursuant to this Court's federal question jurisdiction,

---

[1] In the response in opposition, Plaintiff alludes to a number of facts not alleged in the complaint or contained in the pleadings or admissible affidavits. For instance, Plaintiff contends that it was served with the Missouri lawsuit in Florida, that Defendants tortiously interfered with business relationships located in Florida, and that Defendant Miller has a home in Florida from which acts of the conspiracy were performed. (*See, e.g.*, Dkt. 25 at 12-13). Counsel's unsupported argument is not considered.

28 U.S.C. § 1331, and pursuant to diversity jurisdiction, 28 U.S.C. § 1332. As a result, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). To determine whether a substantial part of the events or omissions giving rise to the claim occurred in a particular district, the Court considers "only those acts and omissions that have a close nexus to the wrong." *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1372 (11th Cir. 2003). The Court thus turns to a consideration of the elements of Plaintiff's claims and the events giving rise to those claims, as alleged in the Amended Complaint.

> The elements of a cause of action for malicious prosecution are:
>
> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.
>
> *Cohen v. Corwin,* 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008).

In the instant case, the events "giving rise" to the claim for malicious prosecution were the initiation of the lawsuit in Missouri and the entry of summary judgment in Plaintiff's favor in the Missouri court. Although Defendants Press and Fields took Hawker's deposition in Florida, "only those locations hosting a 'substantial part' of the events are appropriate for venue." *See Jenkins Brick Co.,* 321 F.3d at 1371. Hawker's deposition did not give rise to Plaintiff's claim for malicious prosecution, nor does it comprise a substantial part of the events underlying the claim.

The same holds true for Plaintiff's claim for conspiracy to maliciously prosecute. The elements of a malicious prosecution conspiracy claim are: (1) a conspiracy between two or more parties to do an unlawful act or to do a lawful act by unlawful means; (2) the doing of some overt

3

act in pursuance of the conspiracy; and (3) damage to [the] plaintiff as a result of the acts performed pursuant to the conspiracy." *Olson v. Johnson*, 961 So. 2d 356, 359 (Fla. 2d DCA 2007). Based on the allegations in the Amended Complaint, all of the alleged co-conspirators were residents of Missouri. Plaintiff fails to allege that the conspiracy took place in Florida, and as discussed above, the underlying tort of malicious prosecution allegedly occurred in Missouri, not Florida. *See Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 950 (Fla. 3d DCA 1984) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy").

In contrast to a claim for malicious prosecution, which is concerned with "maliciously causing process to issue," an action for abuse of process "is concerned with the improper use of process after it has been issued." *McMurray v. U-Haul Co., Inc.*, 425 So. 2d 1208, 1209 (Fla. 4th DCA 1983). The elements of a claim for abuse of process are:"(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 867 (Fla. 3d DCA 2006). Plaintiff has again failed to allege any abuse of process in Florida, instead vaguely alleging that the Defendants engaged in "the continued use of processes of the Federal District Court of the Eastern District of Missouri." (Am. Comp., ¶¶ 41-42). Plaintiff alleges no "abuse" of process, let alone one occurring in Florida.

Finally, a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*, requires: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006). A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one

that "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (internal citation and quotations omitted). The basis for Plaintiff's FDUTPA claim is the same as for its other claims: that Defendants unfairly or unscrupulously pursued an action against them. (Am. Comp. ¶¶ 45-46). Again, as set forth above, a substantial part of the events giving rise to this claim occurred in Missouri, not Florida.[2]

For the foregoing reasons, Plaintiff has failed to demonstrated that a "substantial part" of the events *directly* giving rise to its claims occurred in Florida. *Jenner Brick Co.*, 321 F.3d at 1371 ("[o]nly the events that directly give rise to a claim are relevant"). Accordingly, venue is not proper in the Middle District of Florida, and Defendants' motion to dismiss for improper venue is granted.

## 2. *Personal Jurisdiction*

Even if venue in the Middle District of Florida were proper, the Court also finds that Plaintiff has failed to demonstrate that the Court has personal jurisdiction over Defendants. A federal district court employs a two-part analysis to determine whether it has personal jurisdiction over a nonresident defendant. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the Court determines whether the exercise of jurisdiction over Defendants is appropriate under a federal statute or Florida's long-arm statute. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). If the statute authorizes jurisdiction, the Court must also examine whether exercising jurisdiction over Defendants comports with due process, "which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional

---

[2] Although Plaintiff also includes a claim for "federal unfair competition practices" in Count V, Plaintiff has not identified the statutory or common law basis for that claim and it is not considered herein.

5

notions of fair play and substantial justice.'" *Id.*

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over Defendants, sufficient to withstand a motion for directed verdict. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006); *Sculptchair, Inc.,* 94 F.3d at 627. The facts alleged in the third-party complaint are accepted as true, to the extent that they are not controverted by Defendants. *Id.* Although both parties may introduce evidentiary affidavits, *Meir ex rel. Meir v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002), neither has done so here.

a. *Florida's long-arm statute*

The Amended Complaint alleges only one arguable basis for jurisdiction under the Florida long-arm statute: specific jurisdiction based on Defendants' alleged commission of a tortious act in Florida, pursuant to Fla. Stat. § 48.193(1)(b).[3] In the instant motion, Defendants argue that the action was initiated and pursued in Missouri, and therefore the alleged torts were committed in Missouri. Plaintiff argues in response that Defendants deposed Hawker in Florida and caused Plaintiff damages in Florida, which support a finding that the torts were committed in Florida. This Court disagrees.

In order for § 48.193(1)(b) to apply, "the plaintiff must demonstrate that the non-resident defendant committed a substantial aspect of the alleged tort in Florida by establishing that the activities in Florida were essential to the success of the tort." *Cable/Home Commc'n Corp.,* 902 F.2d at 857 (internal quotations omitted). With respect to the torts of malicious prosecution and

---

[3] Although Defendants also discuss the application of Fla. Stat. § 48.193(1)(f) in the motion to dismiss, Plaintiff has not addressed its application in the instant motion. In any event, the Court finds that there is no evidence that Defendants engaged in "solicitation or service activities within this state" or that "[p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use," as required by § 48.193(1)(f).

abuse of process, Florida courts have held that these torts are committed in the state where the underlying action or charges are filed, for the purposes of specific jurisdiction pursuant to § 48.193(1)(b). *See, e.g., Korman v. Kent*, 821 So. 2d 408, 411 (4th DCA 2002); *Carlyle v. Palm Beach Polo Holdings, Inc.*, 842 So. 2d 1013, 1017 (Fla. 4th DCA 2003); *Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So. 2d 533, 539 (Fla. 2d DCA 2002). The fact that a party suffers damage in Florida, as Plaintiff argues occurred in this case, is not sufficient to find that these intentional torts were committed in Florida. *Korman*, 821 So. 2d at 410-11; *Homeway Furniture Co. of Mount Airy, Inc.*, 822 So.2d at 539. Rather, the tort of malicious prosecution is complete "upon the instant that the person was dragged or kept in the court where the . . . action was pending." *Id.* at 410; *see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 n.7 (11th Cir. 2005) (noting that Florida law does not recognize an injury suffered in Florida as sufficient to confer personal jurisdiction in all cases).

Although, as Plaintiff argues, Defendants also took Hawker's deposition in Florida, this is not a "substantial" or an "essential" aspect of the alleged tort, absent additional conduct. *Cable/Home Commc'n Corp.*, 902 F.2d at 857. Rather, as the Fourth District Court of Appeals has noted: "The gist of the malicious prosecution action lies in the act of being sued without probable cause to be sued." *Korman*, 821 So. 2d at 410. As the underlying action was filed and litigated in Missouri, the Court finds that the torts of malicious prosecution and abuse of process were "committed" in Missouri, not Florida, for the purposes § 48.193(1)(b).

Violations of FDUTPA are also considered "tortious acts" within the meaning of § 48.193(1)(b). *See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd.*, 752 So. 2d 582, 585 (Fla. 2000). Again, however, Plaintiff has not identified substantial unfair practices that occurred in

7

Florida. Rather, the substantial part of the allegedly unfair trade practices took place in Missouri, where the underlying action was initiated and pursued. *Cf. Execu-Tech Bus. Sys., Inc*, 752 So. 2d at 585 (finding price-fixing *in Florida* sufficient commission of a tortious act within the state).

In considering the parties' arguments, the Court is mindful that the provisions of the long-arm statute are strictly construed. *Sculptchair, Inc.*, 94 F.3d at 627. Plaintiff has not met its burden of demonstrating that the exercise of personal jurisdiction over Defendants is proper under Florida's long-arm statute.

b.  *Minimum contacts*

Even if there were a sufficient basis for personal jurisdiction under the Florida long-arm statute, Plaintiff has failed to allege facts showing that Defendants have the requisite minium contacts with Florida. *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). To constitute minimum contacts, Defendants' contact must: (1) be related to the Plaintiff's cause of action or have given rise to it; (2) involve some act by which Defendants purposefully availed themselves of the privilege of conducting activities within Florida; and (3) be such that Defendants should have reasonably anticipated being haled into court here. *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005). In assessing Defendants' contacts with the forum state, the court examines the "quality and nature" of Defendants' activity in the state. *Cable/Home Commc'n Corp.*, 902 F.2d at 858. "A significant single act or meeting in the forum state" may be sufficient, *id.*, but the contacts must be not be merely "'random,' 'fortuitous,' or 'attenuated,'" *Burger King Corp.*, 471 U.S. at 486. If sufficient contacts exist, the Court must also evaluate whether the exercise of jurisdiction would satisfy "traditional notions of fair play and substantial justice." *Sloss Indus. Corp.*, 488 F.3d at 925.

The Court finds that Defendants' taking of a deposition in Florida does not constitute the

requisite purposeful availment of the privilege of conducting activities within Florida. In contrast to the cases relied upon by Plaintiff, Defendants did not direct activities toward business clients in Florida. Rather, their clients' activities necessitated Defendants Press' and Fields' brief, fortuitous appearance in Florida on a single occasion. This is simply not a sufficient constitutional basis to hale these foreign Defendants into a remote forum. *Cf. Steinhilber v. Lamoree*, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992) (holding that attorney's single meeting with plaintiffs in Florida did not constitute requisite minimum contacts with the state).

### *Conclusion*

As Plaintiff has not requested leave to amend, this action will be dismissed without prejudice to the refiling of the action in a proper venue. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1221-22 (11th Cir. 1999). Accordingly, it is **ORDERED AND ADJUDGED**:

1) Defendants' Motion to Dismiss for Improper Venue and for Lack of Personal Jurisdiction (Dkt. 24) is **GRANTED**.

2) This action is **DISMISSED WITHOUT PREJUDICE** to the filing of the action in a proper venue.

3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 27th day of January, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record